FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>AUDEL RADILLO-CONTRERAS,<br><br>                Defendant. | NO. 1:18-CR-02072-SAB<br><br>**ORDER DISMISSING INDICTMENT** |

    The Court held a hearing in the above-captioned matter on August 22, 2019. Jeffrey Dahlberg appeared on behalf of Defendant, who was present in the courtroom and testified on his behalf, and Richard Burson appeared on behalf of the Government. At the hearing, the parties addressed Defendant's pending Motion to Dismiss Indictment. ECF No. 44. The Court took the matter under advisement. Also pending before the Court is Plaintiff's Motion to Seal, ECF No. 46.

    After careful consideration of the parties' briefing and oral presentation, the Court grants Defendant's motions and dismisses the indictment in this case.

## BACKGROUND

    Defendant was born in Mexico, and brought to the United States by his parents when he was two-years-old. He struggled in school, and never learned to read or write. In 1990, when he was 11-years-old, Defendant was granted lawful permanent residence in the United States. After he turned 18, both of his parents became United States citizens, and many of his 8 siblings are citizens of this country. Defendant never gained citizenship, and on July 16, 2008, the Department

**ORDER DISMISSING INDICTMENT ~ 1**

of Homeland Security began removal proceedings against Defendant by serving a Notice to Appear upon him.

At his first removal hearing, the Immigration Judge found that Defendant was removable. Counsel for the Government alerted the Immigration Judge and Defendant that Defendant was eligible to seek cancellation of removal, due to his continuous presence as a lawful permanent resident. Defendant was told that he could apply for this discretionary relief, and Defendant indicated that he wanted to do so.

Defendant sought to remain in the only country he had ever known, and hired an attorney, Kaaren Barr to represent him in connection to his application for cancellation of removal. Ms. Barr prepared an application for cancellation of removal, which she submitted on April 19, 2009. On May 5, 2009, Ms. Barr argued the application for cancellation of removal. The Immigration Judge denied the application and ordered Defendant removed. The Immigration Judge informed Defendant that he had the right to appeal his decision, and that he had 30 days to do so. Defendant reserved appeal, and instructed Ms. Barr he wished to appeal that decision. Ms. Barr did not file an appeal.

Defendant remained in Immigration and Customs Enforcement custody, and was removed to Mexico on May 23, 2009, with a week left before the expiration of the appeal window. Defendant returned to the United States, and is being prosecuted under 8 U.S.C. § 1326 for unlawful reentry. To convict under that statute, the Government must establish that Defendant "left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Barajas–Alvarado*, 655 F.3d 1077, 1079 (9th Cir. 2011).

A defendant charged under 8 U.S.C. § 1326 has a constitutional right to collaterally challenge the underlying removal order, because the removal order serves as a predicate element of his conviction. *United States v. Raya-Vaca*, 771

F.3d 1195, 1201 (9th Cir. 2014). Defendant challenges the indictment, arguing that because Ms. Barr failed to file his appeal the immigration proceedings violated his right to due process, and thus the order of removal is invalid and cannot serve as an element for the instant offense. The Government disputes that Defendant ever desired to appeal the order of removal; argues that even if he once desired to appeal, he subsequently waived the right to appeal; argues that Defendant did not suffer any prejudice through Ms. Barr's failure to appeal; and asserts that Defendant has failed to overcome the bar on collateral challenges to removal orders found at 8 U.S.C. § 1326(d).

Because § 1326(d) imposes strict limits on when a defendant in a prosecution under § 1326(a) or (b) may challenge an underlying order of removal, the analysis begins with that threshold.

**8 U.S.C. § (1326)(d) Elements**

In *Mendoza–Lopez,* the Supreme Court considered whether a "a federal court [in a § 1326 prosecution] must always accept as conclusive the fact of the deportation order, even if the deportation proceeding was not conducted in conformity with due process." *Mendoza–Lopez*, 481 U.S. at 834. The Court held that the constitutional guarantee of due process requires that where the "deportation hearing was fundamentally unfair" and "the violation of the [alien defendant's] rights ... amounted to a complete deprivation of judicial review of the [deportation] determination," the deportation "in which these events occurred may not be used to support a criminal conviction." *Id.* at 838–42, 107 S.Ct. 2148. The Court then found that the defendants were deprived of their rights to appeal, and as a consequence, the Court held that dismissal of the indictment was proper. *Id.* at 842, 107 S.Ct. 2148.

In response, Congress amended 8 U.S.C. § 1326 in the Public Laws of 1996, adding a new subsection titled "Limitation on Collateral Attacks on Underlying

**ORDER DISMISSING INDICTMENT ꝛ 3**

Deportation Order." *See United States v. Gonzalez-Flores*, 804 F.3d 920, 926 (9th Cir. 2015). The new section requires a defendant to prove that (1) they exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). In the Ninth Circuit, there is an implied fourth requirement of prejudice. *See United States v. Valdez-Novoa*, 780 F.3d 906, 916-17 (9th Cir. 2015). The defendant has the burden to make a prima facie showing of each element, and then the burden shifts to the government to disprove them. *United States v. Valdez-Novoa*, 780 F.3d 906, 915 (9th Cir. 2015). If the Government cannot, then the analysis proceeds to the merits of the collateral challenge

Ineffective assistance of counsel which impacts an appeal constitutes deprivation of judicial review and constitutes a due process violation, satisfying the first part of fundamental unfairness. *United States v. Lopez-Chavez*, 757 F.3d 1033, 1044 (9th Cir. 2014). The Government contests that Defendant fails to show exhaustion and the implied prejudice element.

    (a) *Exhaustion*

The Government argues that Defendant did not exhaust his administrative remedies due to his failure to file a motion to reopen under *Matter of Lozada*, 19 I. & N. Dec. 637, (BIA 1988). However, in the Ninth Circuit, filing a *Lozada* motion to reopen is not necessary to satisfy the exhaustion prong of 8 U.S.C. § 1326(d), when the challenge brought is ineffective assistance of counsel's failure to appeal. *Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 978 (9th Cir. 2007). Defendant's allegation of due process violations is ineffective assistance of counsel due to counsel's failure to appeal. Thus, Defendant satisfies the exhaustion element.

//

(b) *Prejudice*

The prejudice required to show fundamental unfairness under 8 U.S.C. § 1326(d) is a "plausibility" that the relief would have been granted absent the due process violation. *United States v. Valdez-Novoa*, 780 F.3d 906, 914 (9th Cir. 2015). The Government contends that because the Immigration Judge's opinion was without legal error, he would not have prevailed before the BIA had an appeal been filed. The nature of the matter to be appealed, and the applicable standard of review, shows that Defendant has shown ample prejudice to satisfy § 1326(d).

Defendant was statutorily eligible for cancellation of removal, but the decision of whether to grant that relief depends upon the weighing of positive and negative equities. 8 U.S.C. § 1229(b)(1)(d). The Immigration Judge identified a number of positive equities, including Defendant's 30-year continuous presence within the United States, the hardship that Defendant's removal would pose on Defendant and his family, and Defendant's role as a caretaker for his paralyzed father and his children. The Immigration found as negative equities Defendant's criminal record and absence of evidence suggesting an attempt at rehabilitation.

After identifying these equities, the Immigration Judge noted that the positive and negative equities in this case were "equally considerable," and that Defendant's lack of rehabilitation "tilt[ed] the scale" in favor of denying cancellation of removal. The Immigration Judge advised Defendant that he had the right to appeal this decision to the Board of Immigration Appeals (BIA), and Defendant avers that he instructed Ms. Barr to continue to fight his case.

Had Ms. Barr appealed, the BIA would have reviewed the Immigration Judge's decision on a mixed standard of review. The BIA accepts immigration judge's findings of facts, such as the identification of the positive and negative equities, absent clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i). However, weighing those equities is an act of discretion, which may be reviewed de novo. *See* 8 C.F.R.

**ORDER DISMISSING INDICTMENT - 5**

§ 1003.1(d)(3)(ii). Given how close the balance between the equities were in this case, it is plausible that the BIA would have reached a different outcome on appeal. Thus, Defendant has shown prejudice, as well as the statutory elements of 8 U.S.C. § 1326(d), and this order continues to consider the merits of the collateral challenge.

**Due Process Challenge to the Deportation Proceeding**

(1) Validity of the removal order

Defendant argues that the predicate removal order is invalid because his attorney provided him inefficient assistance of counsel by failing to file an appeal despite his request that she do so. To show a due process violation in a removal hearing, non-citizens must prove ineffective assistance of counsel that impinges on fundamental fairness in violation of the Fifth Amendment's due process clause. *Magallanes–Damian v. INS*, 783 F.2d 931, 933 (9th Cir.1986).

When the basis for the ineffective assistance of counsel claim is counsel's failure to file an appeal, a due process violation is usually shown if the defendant can show that an appeal would have lodged. *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000). A defendant can show that an appeal would have been filed but for the failure of counsel either by showing they promptly expressed a desire to appeal, or by showing there were non-frivolous grounds for appeal such that a competent lawyer would have counseled the defendant to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000).

The Government contends that Defendant "has not shown that he expressed a desire to appeal, or alternatively, that he did not abandon his appeal after making such an expression." ECF No. 50. This Order addresses each argument in turn.

First, the Government's contention that Defendant's sole evidence demonstrating his desire to appeal are his sworn affidavits is wrong. Defendant submitted audio recordings of the removal hearings. ECF No. 44, Ex.'s A-E. After

**ORDER DISMISSING INDICTMENT – 6**

denying Defendant's motion for cancellation of removal, the Immigration Judge asked Defendant's attorney if Defendant wished to waive or reserve appeal, and she responded that he reserved the right to appeal. ECF No. 44, Ex. E. at 0:00-0:04. The order of removal, entered on May 5, 2009, reflects this, indicating that appeal was reserved by respondent and that the appeal was due by June 4, 2009. ECF No. 44, Ex. P.

What's more, this is the rare case where there is strong extrinsic evidence supporting the inference that Ms. Barr provided inefficient assistance of counsel. In March of 2009, the same year the removal hearing occurred, Ms. Barr entered a disciplinary agreement with the Ninth Circuit Court of Appeal's Appellate Commissioner, allowing her to resign from the bar of the Ninth Circuit, in lieu of disbarment. ECF No. 44, Ex. M. This was based in part on Ms. Barr's failure to timely file motions to stay and opening briefs in immigration appeals. *Id.*

Further, one of the conditions of that recommendation of resignation was that Ms. Barr "withdraw from all cases pending at the BIA within 30 days of the filing of this report and recommendation and no longer practice before that body." *Id.* at 21. The Appellate Commissioner's Report and Recommendation was issued on March 06, 2009, two months before Ms. Barr represented Defendant at his removal hearing. *Id.* The Ninth Circuit adopted the report and recommendation on May 12, 2009, one week after Defendant's hearing. ECF No. 44, Ex. N. Thus, Ms. Barr could not have filed an appeal to the BIA without violating the court order. Further, the Washington State Supreme Court later disbarred Ms. Barr for violating the Ninth Circuit's order by failing to timely notify clients that she was no longer authorized to practice before the BIA, instead waiting until a client was able to contact her to make that disclosure. *See* Wash. State Bar Ass'n, Discipline Notice – Kaaren Barr, March 9, 2012. Not only has Defendant provided evidence of his expression of a desire to appeal, in the form of his affidavits and his reservation of

**ORDER DISMISSING INDICTMENT ~ 7**

his right to appeal, he has provided evidence strongly supporting that Ms. Barr failed to file such an appeal.

In the alternative, the Government suggests that Defendant requested to be removed prior to his appeal period expiring, and that this purported request would have indicated a waiver of his appeal. The Government argues that Defendant likely submitted a prisoner request form, or KITE, in which he presumably requested to be removed before the expiration of his appeal window. To support this assertion, the Government relied upon a printout of a DSHS database entry. ECF No. 50-1. The database entry cannot be used to directly infer the contents of any KITE, as it makes no claims about the content of the purported KITE, and upon scrutiny, the claims contained within the entry are hearsay and unreliable.

The entry states: "5/20/2009. Subject signed a detainee KITE request and per litigation James Yi can send subject Radillo to Mexico on next available flight, also called subject attorney and advised. WW." ECF No. 50-1. The database entry is not the original KITE, nor does it indicate the contents of any KITE. The referenced individual, James Yi, had no recollection of this particular case. Defendant disputes ever filling out a KITE, and his lack of literacy strongly supports his claim. Further, the KITE indicates that WW, an unknown employee, contacted Defendant's attorney, Ms. Barr, on March 20, 2009. This discussion would have been a week after Ms. Barr's was court-ordered to cease representing individuals before the BIA, and yet no mention of that was made in the entry.

To reach the next step in the inferential chain, the Government relies on the testimony of Brian Muirhead, a Supervisory Detention and Deportation Officer currently working at the Northwest Detention Center where Defendant was detained. ECF No. 50-3. Mr. Muirhead's declaration stated that the "ICE and NWDC policy and procedures, including those in effect in May 2009, mandate that when an alien submits a KITE form prior to their removal order becoming final,

**ORDER DISMISSING INDICTMENT ~ 8**

requesting removal at the earliest possible time, the attorney of record is notified to confirm that the alien wishes to be removed and abandon their appeal." ECF No. 50-3. At the hearing, Mr. Muirhead testified that he was not familiar with the NWDC polices prior to the date he began working there, in roughly 2016. He further testified that part of his job is to review removal orders to ensure compliance with that policy, and that he has identified some instances where a non-citizen was scheduled for removal prematurely. Mr. Muirhead's testimony thus cannot speak directly to the contents of any KITE filed at NWDC in 2009, and it indicates that in some instances mistakes are made in the removal process. The Court finds Defendant's testimony credible, and that he never changed his expressed intent to appeal.

Further, even if Defendant had requested to be removed prior to the expiration of his appeal window, this would not be enough to demonstrate a knowing and intelligent waiver of his appeal. *United States v. Leon-Paz*, 340 F.3d 1003, 1005 (9th Cir. 2003) (waiver of right to appeal IJ's order of removal required to be knowing and intelligent in order to be valid when considering a collateral challenge in a subsequent 8 U.S.C. § 1326 prosecution.) The Court finds that Defendant did express a desire to appeal, and that he never waived that appeal right once reserved.

## CONCLUSION

Ms. Barr's failure to file the appeal constituted ineffective assistance of counsel, depriving Defendant of his constitutional guarantee of due process and rendering the underlying immigration proceedings fundamentally unfair. Had Ms. Barr appealed, it is plausible that Defendant would have prevailed before the BIA, and given the strong evidence of Ms. Barr's ineffective assistance, Defendant was not required to exhaust his administrative remedies prior to challenging the validity of the removal order in this criminal matter. Accordingly, because Defendant

**ORDER DISMISSING INDICTMENT – 9**

satisfies the requirements of 8 U.S.C § 1326(d) and has adequately challenged the underlying removal order, the 2009 removal order cannot serve as the basis for the current indictment, and the indictment is dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Indictment, ECF No. 44, is **GRANTED**.

2. Defendant's Motion to Seal, ECF No. 46, is **GRANTED.** ECF Nos. 44-7 and 44-8 are filed under seal.

3. The indictment in the above-captioned matter is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 13th day of September 2019.



_____
Stanley A. Bastian
United States District Judge

**ORDER DISMISSING INDICTMENT ~ 10**